IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON | § § § | |
| v. | § § § § | CIVIL ACTION NO. _____ |
| PALMER ADMINISTRATIVE SERVICES, INC. | § § | |

**DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Palmer Administrative Services, Inc. ("Palmer") files this Notice of Removal of Plaintiff Lucas Horton's action presently pending in the Justice Court of Dallas County, Texas, Precinct 2, Place 1, styled *Lucas Horton v. Palmer Administrative Services*, Case No. JS20-00322-D.  Palmer seeks to remove Plaintiff's lawsuit to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of federal-question jurisdiction.  As grounds for the removal, Palmer respectfully shows the following:

**I.
<u>STATEMENT OF GROUNDS FOR REMOVAL</u>**

1. On November 10, 2020, Lucas Horton ("Plaintiff") filed a claim against Palmer in the Justice Court of Dallas County, Texas, Precinct 2, Place 1 (the "Claim").  The Claim is styled *Lucas Horton v. Palmer Administrative Services*, Case No. JS20-00322-D.

2. Through his Claim, Plaintiff seeks monetary damages and asserts claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*., ("TCPA"), and the Texas Business and Commerce Code 305.053 ("TX 305").

3. Plaintiff served a copy of his Claim on Palmer on November 18, 2020, at 9:22 A.M.

4.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Palmer are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.
## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

5.     This Court has jurisdiction over Plaintiff's Claim and removal is appropriate because Plaintiff could have originally filed his Claim in federal district court under 28 U.S.C. § 1331. Indeed, federal question jurisdiction exists and is invoked because Plaintiff brings a cause of action against Palmer under the federal TCPA.

6.     This Court has supplemental jurisdiction over Plaintiff's state-law claim because it is part of the same case or controversy as his other claims for relief. *See Enochs v. Lamps Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011) (discussing the power of the federal courts to exercise supplemental jurisdiction over state law claims under Section 1367(a)).

## III.
## VENUE AND TIMING

7.     Venue is proper under 28 U.S.C. § 1441(a) because the state court where the Claim is pending is in the Northern District of Texas and Dallas Division.

8.     Palmer has timely filed this notice. Plaintiff served Palmer with the Claim on November 18, 2020. Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty (30) days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. This Notice is file marked December 1, 2020. Therefore, this Notice of Removal is filed timely – within thirty (30) days of Plaintiff serving Palmer with a copy of the citation and the Claim. *See* 28 U.S.C. § 1446(b)(1).

## IV.
## ADDITIONAL REQUIREMENTS

9. Under 28 U.S.C. § 1446(d), a party seeking removal shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of the State court where the action is pending. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided to Plaintiff and filed with the Justice Court Clerk of Dallas County, Texas on December 1, 2020, immediately following the filing of this Notice with this Honorable Court.

10. Under 28 U.S.C. § 1446 (a), this Notice of Removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 11(a) requires that every pleading, written motion, or other paper be signed by at least attorney of record in the attorney's name, and state the signer's address, e-mail address, and telephone number. Further, Federal Rule of Civil Procedure 11(b) requires that, by presenting this Honorable Court with this Notice of Removal, the undersigned attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the legal contentions are warranted by existing law; (3) the factual contentions of this Notice of Removal have evidentiary support; and (4) the factual contentions of this Notice of Removal are warranted on the evidence. Fed. R. Civ. P. 11(b).

11. In accordance with Federal Rule of Civil Procedure 11(a), the required information is provided beneath the undersigned's signature block of this Notice of Removal. Additionally, the undersigned certifies that this Notice of Removal: (1) is not presented for any improper purpose; (2) is warranted by existing law; (3) has evidentiary support concerning the factual

contentions found herein; and (4) is warranted by the evidence and law.  Accordingly, this Notice of Removal is signed pursuant to Federal Rules of Civil Procedure 11.1.

12.	Under 28 U.S.C. § 1447(c), Plaintiff may file a motion to remand this case on the basis of any defect other than lack of subject matter jurisdiction within thirty (30) days of the Notice of Removal.  In the event that Plaintiff seeks to remand this case, or the Court considers remand sua sponte, Palmer respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

## V.
## REQUIRED DOCUMENTS

13.	Local Rule 81.1 establishes the required form of documents that must be filed upon removal.  Specifically, Local Rule 81.1 requires that the party that removes a civil action from state court must provide the following to the clerk for filing: (1) a completed civil cover sheet; (2) a supplemental civil cover sheet; (3) if notice of any "related case" as defined by Local Rule 3.3(b)(3) or (b)(4); and (4) a notice of removal with a copy of each of the following attached to both the original and the judge's copy – (A) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court; (B) a copy of the docket sheet in the state court action; (C) each document filed in the state court action, except discovery material; and (D) a separate signed certificate of interested persons that complies with Local Rule 3.1(c).

14.	Pursuant to Local Rule 81.1, a completed civil cover sheet, with the attached supplemental civil cover sheet, will be filed concurrently with this Notice of Removal.  Additionally, there are no "related cases" as defined by Local Rule 3.3(b)(3).

---

[1] *See* 28 U.S.C. § 1446 (a).

15. In further compliance with the removal statue and Local Rule 81.1, all required documents are being attached to this Notice of Removal as **Exhibit A**. Exhibit A attached to this Notice of Removal contains an index of all documents that clearly identifies each document and indicates the date the document was filed in the state court, as well as a copy of each document filed in the state court action, and a signed certificate of interested parties that complies with Local Rule 3.1(c).

16. The Justice Court of Dallas County, Precinct 2, Place 1, does not maintain a docket sheet obtainable by parties to the proceeding. Accordingly, included in Exhibit A in place of the docket sheet is a photograph of the identifying label affixed to the hardcopy folder utilized by the state court to hold the documents filed in the state court action.

17. All documents required under the removal statute and Local Rule 81.1 are being filed with or contemporaneously with this Notice of Removal as **Exhibit A**.

## VI.
## CONCLUSION

Defendant Palmer Administrative Services, Inc. respectfully requests that Case No. JS20-00322D, styled *Lucas Horton v. Palmer Administrative Services, Inc.*, originally filed in the Justice Court of Dallas County, Texas, Precinct 2, Place 1, be removed to the United States District for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**


*/s/ Christopher M. Jordan*_____
Christopher M. Jordan
State Bar No. 24087817
Earl L. Ingle
State Bar No. 24097234
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 222-4068
Fax:  (713) 222-5868
cjordan@munsch.com
eingle@munsch.com

Aynsley Young
State Bar No. 24102674
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
(214)855-7502 (Telephone)
(214)978-4302 (Facsimile)
ayoung@munsch.com


**ATTORNEYS FOR DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.**

## CERTIFICATE OF SERVICE

      Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system on December 1, 2020.

                                         */s/ Christopher Jordan*
                                         Christopher Jordan