**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LUCAS HORTON** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **PALMER ADMINISTRATIVE** | § | |
| **SERVICES, INC.** | § | |

<u>**EXHIBIT A**</u>

**INDEX OF DOCUMENTS FILED IN STATE COURT ACTION**

| | |
|---|---|
| 1. | Photograph of folder utilized by the Justice Court in place of docket sheet, which is not accessible to the parties. |
| 2. | Citation in the Justice Court dated November 10, 2020. |
| 3. | Statement of Claims filed November 10, 2020. |
| 4. | Complaint filed November 10, 2020. |
| 5. | Return of Service – filing information not known. |

# EXHIBIT A-1



```
                    JS-2000322D        R05846
                    SMALL  CLAIMS
------------------------------------------------
                    JS-2000322D
------------------------------------------------

PLAINTIFF:
HORTON, LUCAS



DEFENDANT:
PALMER ADMINISTRATIVE SERVICES
REGISTERED AGENTS INC
3430 SUNSET AVE
OCEAN, NJ 07712
(800)  599  9557

------------------------------------------------
PLAINTIFF'S ATTORNEY




DEFENDANT'S ATTORNEY




------------------------------------------------
FILED 11/10/20
AMOUNT  $15000.00
CITATION TO PL- OOC /YRC


MARGARET O BRIEN
JUSTICE OF THE PEACE PREC. 2-1
DALLAS COUNTY
140 N. GARLAND AVE.
GARLAND, TEXAS 75040
(214) 643-4773
```

# EXHIBIT A-2

T H E   S T A T E   O F   T E X A S

TO THE DEFENDANT: PALMER ADMINISTRATIVE SERVICES REGISTERED AGENTS INC

YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY TO HELP YOU IN DEFENDING
AGAINST THIS LAWSUIT.  BUT YOU ARE NOT REQUIRED TO EMPLOY AN ATTORNEY.  YOU
OR YOUR ATTORNEY MUST FILE AN ANSWER WITH THE COURT. YOUR ANSWER IS DUE BY
THE END OF THE 14TH DAY AFTER THE DAY YOU WERE SERVED WITH THESE PAPERS.  IF
THE 14TH DAY IS A SATURDAY, SUNDAY, OR LEGAL HOLIDAY, YOUR ANSWER IS DUE BY
THE END OF THE FIRST DAY FOLLOWING THE 14TH DAY THAT IS NOT A SATURDAY,
SUNDAY, OR LEGAL HOLIDAY.  DO NOT IGNORE THESE PAPERS.  IF YOU DO NOT FILE
AN ANSWER BY THE DUE DATE, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.  FOR
FURTHER INFORMATION, CONSULT PART V OF THE TEXAS RULES OF CIVIL PROCEDURE,
WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.

IF YOU FAIL TO FILE AN ANSWER, JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST
YOU FOR THE RELIEF DEMANDED IN THE PETITION. A COPY OF PLAINTIFF'S PETITION
IS ATTACHED HERETO AND MADE A PART HEREOF AS THOUGH WRITTEN IN.

GIVEN UNDER MY HAND OFFICIALLY, THIS   NOVEMBER 10, 2020.

JUDGE MARGARET O BRIEN
JUSTICE OF THE PEACE
PRECINCT 2 PLACE 1
DALLAS COUNTY

---

DOCKET NO: JS20-00322D

SUIT DESCRIPTION:
SEE ATTACHED PETITION

PLAINTIFF(S):
HORTON, LUCAS

RICHARDSON, TX 75080

VS.

DEFENDANT(S):
PALMER ADMINISTRATIVE SERVICES
REGISTERED AGENTS INC
525 ROUTE 73 NORTH
FIVE GREENTREE CENTRE STE 104

MARLTON, NJ 07712
(800)  599  9557

CITATION
IN THE JUSTICE COURT

FILED ON: 11-10-2020

CITATION ISSUED: 11-10-2020
CITATION ISSUED TO
            PL- OOC /YRC

MARGARET O BRIEN
JUSTICE OF THE PEACE
PRECINCT 2, PLACE 1
DALLAS COUNTY
140 N. GARLAND AVE.
GARLAND, TEXAS 75040
(214) 643-4773

# EXHIBIT A-3

# STATEMENT OF CLAIMS
## SMALL CLAIMS COURT OF DALLAS COUNTY, TEXAS

Precinct/County_____

Receipt No. _____

PLAINTIFF(S): _____ Lucas Horton

STREET ADDRESS: _____ ▮▮▮▮▮▮▮▮▮▮▮▮

CITY, STATE, ZIP CODE: _____ Richardson, TX 75080

HOME PHONE: _____ ▮▮▮▮▮▮▮▮

BUSINESS PHONE: _____

VS.

DEFENDANT(S): _____ Palmer Administrative Services

STREET ADDRESS: _____ 3430 Sunset Ave

CITY, STATE, ZIP CODE: _____ Ocean, NJ 07712-3954

HOME PHONE: _____

BUSINESS PHONE: _____ 800) 599-9557

PERSON(S) TO BE SERVED: _____ Registered Agents, Inc.

STREET ADDRESS: _____ Five Greentree Centre, Ste 104

CITY, STATE, ZIP CODE: _____ 525 Route 73 North, Marlton, NJ 07712

PHONE: _____ (856) 452-1972

*************************************************************************

__X__ Defendant(s) is/are justly indebted to Plaintiff in the sum of $ __15,000__ along with Costs of court for the following reason(s). _____ See Attached _____

_____

_____

**OR**

_____ Defendant(s) is/are justly indebted to Plaintiff(s) for *return of the following described Property:*

_____

_____

_____

_____ valued at $_____

**AND** there are not counterclaims existing in favor of Defendant(s) against Plaintiff(s) except: _____

**PLAINTIFF(s) REQUEST (s):** a judgment for a sum of **money** against Defendant(s), plus pre-judgment interest, plus reasonable attorney fees, plus all costs of court, plus post-judgment interest at the highest legal rate.

---

**Plaintiff's Attorney**

---

Address and Suite No.

---

City                         State                    Zip

---

Phone                        Fax

---

**Bar Card #** _____

**ANY LEGAL QUESTIONS WILL NOT BE ANSWERED BY THIS COURT.**
**LEGAL AIDE:  214-748-1234**

*Information on Small Claims can be found at:  Website:  www.JudgeMO.org*

**Unsworn Declaration**
*(Texas Civil Practice and Remedies Code, Section 132.001)*

I am the ____X____ *Plaintiff* _____ *Attorney of Record for the Plaintiff in this proceeding*
Lucas Horton
*Printed Name*

Richardson, TX 75080

*Street Address/City/ State/Zip*

*Phone Number/Fax Number*

*I declare under penalty of perjury that all information in the attached document titled, Statement of Claims, is true and correct.*

*Penalty for making or using a false affidavit – a person who makes or uses an affidavit knowing it to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.*

*Signature*

11-10 -20

*Date*

*Judge Margaret O'Brien, Justice of the Peace 2-1*
*140 N. Garland Avenue, Garland, TX 75040*
*Phone: (214) 643-4773  Fax: (214)643-4772*
*Website: www.JudgeMO.org*

# EXHIBIT A-4

| | | |
|---|---|---|
| **LUCAS HORTON,** | § | **IN THE DALLAS COUNTY** |
| **Plaintiff,** | § | |
| | § | **JUSTICE COURT** |
| **v.** | § | |
| | § | |
| | § | **PRECINCT 2, PLACE 1** |
| **Palmer Administrative Services,** | § | |
| **Inc.** | § | |
| | § | |
| **Defendant.** | § | **DALLAS, TEXAS** |

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Defendant Palmer Administrative Services, Inc. ("Defendant") to stop Defendant's practice of placing telemarketing calls to consumers that feature an artificial and/or prerecorded voice and obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

### JURISDICTION & VENUE

1.  The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305") and 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA").

### 1. PARTIES

2.  Plaintiff is an individual who resides in Dallas, Dallas County, Texas.

3.  Defendant is a corporation incorporated and existing under the laws of the State of New Jersey whose primary place of business and corporate headquarters is located at 3430 Sunset Ave., Ocean, New Jersey 07712.

### 1. COMMON FACTUAL ALLEGATIONS

4.  Defendant and its proxies place unwanted telemarketing calls to solicit consumers to

purchase auto warranties that it sells, administers, and is a party to.

5.      All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of Defendant.

6.      Unfortunately for consumers, Defendant, in an attempt to sell more auto warranties, engaged in an aggressive telemarketing campaign that includes violating the TCPA thousands of times a day.

7.      Specifically, Defendant (or a third-party acting on its behalf and for its benefit) places unsolicited telemarketing calls to consumers that sometimes feature an artificial and/or prerecorded voice.

8.      Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendant (or a third-party acting on its behalf or for its benefit) places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent, Defendant plainly violates of the TCPA, 47 U.S.C. § 227, *et seq* and also TX 305.

9.      By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

10.      Furthermore, Defendant (or a third-party acting on its behalf and for its benefit) made

the calls knowing that the calls trespassed against and interfered with Plaintiff use and enjoyment of, and the ability to access, their telephones, including the related data, software, applications, and hardware components.

11. Defendant knowingly made, and continues to make, repeated prerecorded telemarketing calls to consumers' telephones without the prior express consent of the recipients.

12. As such, Defendant not only invaded the personal privacy of Plaintiff it also intentionally, repeatedly, and willfully violated the TCPA.

13. The calls were made by or on Defendant's behalf and with its knowledge and approval. Defendant knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

14. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

15. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

## 1. FACTS SPECIFIC TO PLAINTIFF

16. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

17. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with prior express consent to call.

18. Plaintiff received calls from the Defendant or its proxies on June 10th from 343-320-8073, on July 9th from 509-295-2728, on Aug 5th from 469-253-6180, on Aug 7th[th] from

361-252-0203, on Aug 10th from 325-221-6141, on Sept 11th from 469-484-6945, on Oct 2nd from 469-410-7625, on Oct 9th from 361-666-5451, and on Oct 15th from 469-410-7629.   Calls either began with a beep when answered, meaning the call was robodialed.  Or, calls began with a prerecorded message claiming the factory warranty on your vehicle has expired.  Then, a person came on trying to sell a car warranty.  On the Oct 9th call, Plaintiff purchased a warranty with contract # PELDD424747.  On the Oct 15th call, Plaintiff was hung up on when transferred to the warranty specialist because he realized Plaintiff had already purchased a warranty. It should be noted that Plaintiff's vehicle has almost 2 years and around 27K miles left on the factory warranty.

19.   The call was made by or on behalf of Defendant for the purpose of selling

Defendant's products and services. Here, the call was made by employees or agents of

Defendant, at the direction of Defendant, in accordance with a contract with

Defendant, and with Defendant's substantial oversight and control.

20.   Plaintiff knew about the calls, directed the making of the calls, ratified the calls by

approving them and/or knowingly receiving the benefits from them, and otherwise

benefitted from the calls.

21.   All of the calls attempted to solicit Plaintiff to purchase the auto warranty agreements

that Defendant sells, administers, and is a party to.

22.   Prior to receiving the above-referenced calls, Plaintiff had no relationship with

Defendant, had never provided his telephone number directly to Defendant, and had

never requested that Defendant place calls to him or to offer him any services.

23.   Simply put, Plaintiff has never provided any form of prior express consent to

Defendant, or to anyone acting on Defendant's behalf, to place telemarketing calls

to his phone number.

24.   Defendant was, and still is, aware that the above-described telemarketing calls were

made to consumers like Plaintiff who never provided prior express consent to receive them.

25. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff actual harm, including: (a) the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, (b) wear and tear on their telephones, (c) interference with the use of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such calls, and (f) the diminished use, enjoyment, value, and utility of their telephone plans.

26. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access their phones, including the related data, software, and hardware components.

27. To redress these injuries, Plaintiff, brings this suit under the TX 305 and TCPA, which prohibit unsolicited telemarketing calls to consumers' telephones and demands $1500 per call ($15,000 total) together with costs and pre- and post-judgment interest.

# EXHIBIT A-5

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| | **Justice Court**<br>**Precinct 2 Place 1 of Dallas County, Texas**<br>**Dallas County, Texas** | |
| Plaintiff | | Cause # |
| | **LUCAS HORTON** | **JS20-00322D** |
| Defendant(s) | | Came to Hand Date/Time |
| | **PALMER ADMINISTRATIVE SERVICES** | **11/17/2020     1:04 PM** |
| Manner of Service | | Service Date/Time |
| | **Personal** | **11/18/2020     9:22 AM** |
| Documents | | Service Fee: |
| | **CITATION; STATEMENT OF CLAIMS; COMPLAINT** | **$95.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **11/18/2020** at **9:22 AM**: I served **CITATION, STATEMENT OF CLAIMS and COMPLAINT** upon **PALMER ADMINISTRATIVE SERVICES c/o REGISTERED AGENTS INC, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **PALMER ADMINISTRATIVE SERVICES c/o REGISTERED AGENTS INC, REGISTERED AGENT, Who accepted service with direct delivery, with identity confirmed by subject stating their name, a red-headed white female approx. 35-45 years of age, 5'4"-5'6" tall and weighing 120-140 lbs.  Phyllis Bowen, Office Manager** at **FIVE GREENTREE CENTRE, 525 ROUTE 73 N STE 104, MARLTON, NJ 08053**.

null

My address is: **612 Woodhollow Dr, Marlton, NJ 08053**, USA.

null

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Mitchell Miller*
_____
Mitchell Miller

_____
11/18/2020
Date Executed



