IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS HORTON, <br>     *Plaintiff*, <br><br> v. <br><br> PALMER ADMINISTRATIVE <br> SERVICES, INC., <br>     *Defendant*. | § § § § § § § § § § | Case 3:20-cv-03526-X-BN |

**DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Defendant Palmer Administrative Services, Inc. ("Palmer") files this Motion to Dismiss Plaintiff's Complaint and Brief in Support under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**SUMMARY OF ARGUMENT**

Palmer seeks dismissal of Plaintiff's Complaint (Dkt. 1-1, Ex. A-4; the "Complaint") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff insufficiently pleaded causes of action against Palmer under the Telephone Consumer Protection Act, 47 U.S.C. § 227, (the "TCPA") the Texas Business and Commerce Code § 305.053 (the "TBCC"). Dkt 1-1, Ex. A-4.

Plaintiff's TCPA and TBCC claim should be dismissed under Rule 12(b)(1) for lack of Article III standing because Plaintiff has not plausibly traced any of the alleged calls at issue to Palmer. In addition, Plaintiff's TCPA claim regarding the alleged June 10, 2020 call should be dismissed because applicable provisions of the TCPA were unconstitutional on that date.

Plaintiff's TBCC claim should be dismissed under Rule 12(b)(6) because he failed to allege any facts supporting it. Plaintiff's sole references to the TBCC are in paragraphs 1, 8, and 27. In paragraph 1 of his Complaint, Plaintiff stated this Court has jurisdiction to consider his TCPA

claim under TBCC § 305.053 and 28 U.S.C. § 1331 but did not state he had a TBCC cause of action. In paragraphs 8 and 27, Plaintiff makes a conclusory allegation that Palmer violated TBCC § 305.053.

Plaintiff's TCPA and TBCC claim should be dismissed under Rule 12(b)(6) because Plaintiff failed to allege Palmer made and/or initiated any of the calls at issue, and because Plaintiff failed to allege facts sufficient to infer that Palmer utilized an Automatic Telephone Dialing System ("ATDS") as defined under the TCPA and required by Texas case law to survive a motion to dismiss. *See Suttles v. Facebook, Inc.,* No. 1:18-CV-1004-LY, 2020 U.S. Dist. LEXIS 90026, at *15 (W.D. Tex. 2020).

### FACTUAL BACKGROUND

Plaintiff originally filed his Complaint on November 10, 2020, in the Dallas County Justice Court, Precinct 2, Place 1. Palmer removed the suit to this Court on December 1, 2020. Now, Palmer files this Motion seeking dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6).

Plaintiff alleges in his Complaint that he received unwelcomed calls to his cell phone in violation of the TCPA and/or TBCC. He claims the subject matter of the calls pertained to solicitations for extended automotive warranties. Palmer does not make any such calls to consumers, nor did it make any such calls to Plaintiff. Palmer is an administrator of automotive warranties, not a seller.

### ARGUMENT & AUTHORITY

**I.       Rule 12(b)(1) Challenge – Lack of Subject Matter Jurisdiction**

Plaintiff bears the burden of proving subject matter jurisdiction. *McMahon v. Fenves*, 946 F.3d 266, 271 (5th Cir. 2020). At the pleading stage, "the plaintiffs' burden is to allege a plausible

set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). Plaintiff failed to do that here.

### A. Because Plaintiff Does Not Have Article III Standing to Bring His TCPA Claim or TBCC Claim, This Court Does Not Have Subject Matter Jurisdiction.

Because Plaintiff has not demonstrated an injury in fact that is fairly traceable to Palmer's conduct, he lacks standing and his case should be dismissed.

Article III standing is a threshold component of subject matter jurisdiction. "To establish standing, 'the plaintiff must demonstrate injury in fact that is fairly traceable to the defendant's conduct and that would be redressed by a favorable judicial decision.'" *High v. Karbhari*, 774 F. App'x 180, 182-83 (5th Cir. 2019) (quoting *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015)). Indeed, "standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the [pleading]." *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "To have standing to proceed . . . [plaintiff is] required to allege facts tending to establish that his injuries are fairly traceable to misconduct engaged in by [the] defendant[]." *High*, 774 F. App'x at 183.

Here, Plaintiff failed to allege facts tending to establish that his alleged injuries are fairly traceable to alleged misconduct engaged in by Palmer. *See generally* Dkt. 1-1, Ex. A-4; *see also High*, 774 F. App'x at 183. Indeed, Plaintiff does not allege any facts that allow this Court to infer from the face of the pleadings that Palmer actually made any of the nine alleged calls at issue. Instead, Plaintiff makes vague, conclusory allegations that Palmer, through undisclosed alleged agents, has violated the TCPA and TBCC without factual support that Palmer actually did anything. Paragraph 18 of Plaintiff's Complaint is the only paragraph where Plaintiff avers factual information about the alleged telephone calls at issue. There is no allegation that Palmer was the party calling or that any calling agent identified themselves as working with or for Palmer.

Similarly there are no allegations that any caller stated they were speaking on Palmer's behalf or that Palmer was the company selling or soliciting any warranties.  To the contrary, Palmer does not and did not make these calls because it does not sell warranties.  Plaintiff also does not identify the telephone numbers from which he allegedly received any of the nine calls and does not claim that those numbers belong to Palmer.

At best, Plaintiff is speculating that Palmer made these alleged calls, which is insufficient to confer standing.  Because Plaintiff has not alleged plausible facts that affirmatively establish he was injured as a result of calls made by Palmer, he lacks standing and his claims should be dismissed.  See *FW/PBS, Inc. v. Dallas*, 493 U.S. at 232 (holding that standing cannot be inferred from averments in the pleading but rather must be affirmatively established).

### B.  Plaintiff's Claim Regarding the Alleged June 10, 2020 Call is Unconstitutional

This Court also lacks subject matter jurisdiction under the TCPA regarding the alleged June 10, 2020 call because the TCPA was unconstitutional at that time.

Federal courts lack subject matter jurisdiction to enforce unconstitutional laws, and the TCPA was unconstitutional prior to the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2344–45 (2020) ("*AAPC*") on July 6, 2020. *Creasy v. Charter Commc'ns., Inc.*, No. 20-1199 Section F, 2020 WL 5761117, at *2 (E.D. La. Sept. 28, 2020).  In 2015, Congress amended part of the TCPA by carving out an exception from its general prohibition on robocalls to cell phones for the government when collecting its debts ("2015 Amendment"). *See AAPC*, 140 St. Ct. at 2344-45 . The 2015 Amendment took a content neutral law and into a content-based restriction on speech. *Id*. at 2346. Consequently, the Supreme Court of the United States severed the offending government-debt exception on July 6, 2020. *Id*. at 2353–54.

In the wake of *AAPC*, a district court in the Eastern District of Louisiana held that federal courts lack subject matter jurisdiction over claims brought under TCPA § 227(b)(1)(A)(iii) for

4

calls made from the 2015 date of the content based amendment to the Supreme Court's ruling on July 6, 2020. *See generally, Creasy*, 2020 WL 5761117. The *Creasy* court explained why the entire TCPA was unconstitutional during that timeframe:

> [W]hile the plaintiffs argue that the Court's severance of the exception has no bearing on the constitutionality of the rule, the exception and the rule are in fact inextricably intertwined for the purposes of any reasonable analysis. Simply put, a restriction cannot possibly be content-based if it does not treat different categories of content differently; an exception cannot be unconstitutionally discriminatory without reference to the broader rule in which it appears.

*Id*. at *5. Thus, the court acknowledged that "the entirety of the pre-severance version of TCPA § 227(b)(1)(A)(iii) is void because it itself was repugnant to the Constitution[.]" *Id*. And, as relevant here, the *Creasy* court concluded "the unconstitutional amended version of § 227(b)(1)(A)(iii) is what applied to [defendant] at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate [defendant's] liability with regard to such communications." *Id*. at *6.

A federal district court in the Northern District of Ohio recently agreed with *Creasy*, holding federal courts lack subject matter jurisdiction to enforce alleged TCPA § 227(b)(1)(A)(iii) violations from the date of the 2015 Amendment through *AAPC*. *See generally*, *Lindenbaum v. Realgy, LLC*, No. 1:19CV2862, 2020 WL 6361915, at *5–7 (N.D. Ohio Oct. 29, 2020) ("The Court cannot wave a magic wand and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter."). To date, no federal court has disagreed with *Creasy* or *Lindenbaum*.

Here, in paragraph 18 of his Complaint, Plaintiff alleges he received one call during that time frame on June 10, 2020, in violation of the TCPA. Under the *Creasy* and *Lindenbaum* analysis, the TCPA was unconstitutional on June 10, 2020. Thus, this Court does not have subject

matter jurisdiction over the June 10, 2020 call. *See Lindenbaum*, 2020 WL 6361915, at *5–7; *see also Creasy*, 2020 WL 5761117, at *5–6.

## II.     Rule 12(b)(6) Challenge – Failure to State a Claim for Relief

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility means the alleged factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

Dismissal is proper when the facts alleged fail "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or when "the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).  A plausible claim to relief must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### A.  Plaintiff Did Not Plausibly Allege Any Facts to Support a TBCC Claim.

Plaintiff did not plausibly allege facts that would allow this Court to draw the reasonable inference that Palmer is liable under the TBCC § 305.053.  Plaintiff did not cite, plead, or support any elements of a TBCC claim in his Complaint.  Plaintiff only even references the TBCC in paragraphs 1, 8, and 27.  In paragraph 1 of his Complaint, Plaintiff did not state that he has a TBCC cause of action.  Instead, he stated that the case arose under the TCPA and vaguely referenced that this Court had jurisdiction to consider his TCPA action pursuant to the TBCC and 28 U.S.C. § 1331.  In paragraph 8 and 27 of his Complaint, Plaintiff makes a conclusory allegation that Palmer violated TBCC § 305.053 but does not offer factual support for that allegation.  Because

Plaintiff has pleaded nothing more than vague references, conclusory allegations, unwarranted factual inferences, or legal conclusions with respect to the TBCC, that claim should be dismissed.

> **B. Plaintiff's TCPA and TBCC Claim Fails Because He Does Not and Cannot Plausibly Allege that Palmer Made and/or Initiated Any of the Alleged Calls.**

Even if this Court determines Plaintiff sufficiently pleaded a TBCC claim, this claim should still be dismissed along with the TCPA allegations because Plaintiff has not and cannot plausibly allege that Palmer made or initiated any of the alleged nine calls at issue.

Under the TCPA, "[a] plaintiff asserting a claim under the TCPA must prove: (1) defendant *made a call to a cellular telephone* . . . ." *Neria v. Dish Network L.L.C.*, No. 6:19-CV-00430-ADA-JCM, 2020 WL 3403074, at *3 (W.D. Tex. June 19, 2020) (emphasis added). Under the TBCC § 305.053, a called party can only bring an action "against the person *who originates the communication* . . . ." TBCC § 305.053 (emphasis added).

Here, for the same reasons argued in Section I.A. above, Plaintiff does not plausibly allege that Palmer is the party who made, initiated, and/or originated the communications at issue. Considering that Plaintiff has not alleged the caller identified itself as Palmer or that Palmer attempted to sell him a warranty, he cannot plausibly allege Palmer *initiated* or *made* the calls. Indeed, Palmer does not make calls to consumers related to selling automobile warranties.

> **C. Plaintiff's TCPA and TBCC Claim Fails Because He Does Not Plausibly Allege that Any Calls He Received Were Made Using an ATDS.**

Plaintiff's TCPA claim and TBCC claim (to the extent he brings a TCPA claim through the TBCC) fails because Plaintiff did not allege Palmer called him using an ATDS. Part of the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

To fall within the scope of this prohibition, a caller must dial the called party using an "automatic telephone dialing system" or "ATDS." *Id.* In 1991, Congress enacted the TCPA to address "abuses of telephone technology" by "telemarketers." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-371 (2012). Congress found that, through telemarketers' placement of randomly and sequentially dialed spam calls, "telemarketing can be an intrusive invasion of privacy." 105 Stat. 2394, § 2(5) (1991). The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Since that time, the FCC has issued various orders on the scope of an ATDS. In *ACA International v. FCC*, a unanimous panel of the D.C. Circuit vacated the FCC's governing interpretation of ATDS, finding both that the FCC had failed to "satisfy the requirement of reasoned decision making" in addressing "which functions qualify a device as an autodialer," and that the TCPA cannot be interpreted so expansively as to sweep within its reach every smartphone user who makes an uninvited call. 885 F.3d 687, 695-98, 703 (D.C. Cir. 2018). Thus, the D.C. Circuit "set aside . . . the Commission's effort to clarify the types of calling equipment that fall within the TCPA's restrictions." *Id.* at 692.

The Fifth Circuit has not yet weighed in, but consistent with the Eleventh, Seventh, and Third Circuits,[1] **the Northern District of Texas and the Western District of Texas have held that to qualify as an ATDS the "device must randomly or sequentially generate—not just**

---

[1] *See, e.g.*, *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (finding that the functionality of an ATDS is "randomly or sequentially generating telephone numbers, and dialing those numbers"); *Glasser v. Hilton Grand Vacations Co., LLC,* 948 F.3d 1301 (11th Cir. 2020); *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 460 (7th Cir. 2020); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 938 (N.D. Ill. 2018); *Snow v. General Electric Co.*, No. 18-cv-511, 2019 WL 2500407, at *7 (E.D.N.C. June 14, 2019); *Baderv. Navient Sols., LLC*, No. 18-cv-1367, 2019 WL 2491537, at *2 (N.D. Ill. June 14, 2019); *Roark v. Credit One Bank*, No. 16-173, 2018 WL 5921652, at *4 (D. Minn. Nov. 13, 2018).

**store—numbers to be considered an ATDS under the Act."** *Suttles v. Facebook, Inc.,* No. 1:18-CV-1004-LY, 2020 U.S. Dist. LEXIS 90026, at *15 (W.D. Tex. 2020); *Adams v. Safe Home Sec. Inc.*, Civil Action No. 3:18-cv-03098-M, 2019 U.S. Dist. LEXIS 126522, at *9 (N.D. Tex. 2019).

Here, Plaintiff does not allege sufficient facts to support an inference that Palmer utilized "random or sequential" functionality with respect to its calls. Instead, Plaintiff's Complaint alleges that "calls began with a beep when answered, meaning the call was robodialed." Dkt. 1-1, Ex. A-4 at ¶ 18. That type of allegation has been rejected by the Western District of Texas. *Suttles,* 2020 U.S. Dist. LEXIS 90026, at *15-16. In *Suttles*, the Court granted defendant's 12(b)(6) Motion to Dismiss Plaintiff's TCPA claim holding that a party must allege sufficient facts to support an inference that the offending party utilized random or sequential functionality with respect to the alleged, offending calls. *Id*. *Suttles* unsuccessfully argued that general allegations such as 'receiving commercial calls/texts without consent' were sufficient to infer an ATDS.

As in *Suttles*, Plaintiff's Complaint is void of allegations that would allow for the inference that Palmer utilized random or sequential functionality. Because Plaintiff has not adequately alleged that he received a call from an ATDS, his claim should be dismissed.

## CONCLUSION

Plaintiff's causes of action should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). This Court lacks subject matter jurisdiction because Plaintiff did not establish Article III standing. Plaintiff failed to state a claim because he did not allege plausible facts but instead his pleadings are speculative that Palmer violated the TCPA and/or TBCC. Accordingly, Plaintiff's Complaint should be dismissed.

Dated: December 9, 2020

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Christopher M. Jordan*
    **CHRISTOPHER M. JORDAN**
    State Bar No. 24087817
    700 Milam Street, Suite 2700
    Houston, Texas 77002
    Telephone:  (713) 222-4088
    cjordan@munsch.com
    **ATTORNEY "IN CHARGE" FOR DEFENDANT PALMER**

**OF COUNSEL:**

**AYNSLEY YOUNG**
State Bar No. 24102674
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214-855-7502
Fax: 214-978-4302
ayoung@munsch.com

**EARL INGLE**
State Bar. No. 24097234
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: 713-222-4088
eingle@munsch.com

## CERTIFICATE OF CONFERENCE

On December 7, 2020, Christopher M. Jordan conferred with Mr. Lucas Horton telephonically about the relief Palmer seeks in this Motion to Dismiss Plaintiff's Complaint and Brief in Support. Mr. Lucas Horton is opposed to such relief.

                                                */s/ Christopher M. Jordan*
                                                Christopher M. Jordan

## CERTIFICATE OF SERVICE

On December 9, 2020, Palmer served a copy of this Motion to Dismiss Plaintiff's Complaint and Brief in Support on Lucas Palmer by mail and e-mail, per the parties' December 1, 2020 written agreement for e-mail service.

                                                */s/ Christopher M. Jordan*
                                                Christopher M. Jordan